J-S45022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE PARKS | : | |
| | : | |
| Appellant | : | No. 2031 EDA 2021 |

Appeal from the PCRA Order Entered September 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0132301-1994

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

DISSENTING MEMORANDUM BY MURRAY, J.: **FILED MAY 16, 2023**

While the Majority provides a thoughtful analysis, I disagree that Appellant's newly discovered fact claim warrants remand for an evidentiary hearing. Also, I would conclude Appellant's underlying after-discovered evidence claim lacks merit.

Appellant's judgment of sentence became final in September 1996. Appellant now claims an exception to the one-year time limit of the Post Conviction Act (PCRA)[1] based on a "newly discovered fact." 42 Pa.C.S.A. § 9542(b)(1)(ii). Under this subsection, a petitioner must plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" **Id.**

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Subsection 9545(b)(1)(ii) is "an initial jurisdictional threshold," which "does not require any merits analysis of an underlying after-discovered-evidence claim." *Id.* at 176-77.

This Court has explained:

Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*) (footnote omitted).

The "newly discovered fact" alleged by Appellant is William Sheppard's (Sheppard) recantation affidavit. Sheppard recants his trial testimony that Appellant "drove the automobile the perpetrators arrived in before they fired their weapons." Amended PCRA Petition, 6/6/20, ¶ 6. According to Appellant:

Sheppard stated that he was coerced by detectives into identifying [Appellant] as the driver of the suspect vehicle. [Sheppard] states that detectives threatened to charge him with the shooting if he did not tell them what they wanted to hear. In fact, according to Sheppard, he had never before seen [Appellant] in his entire life. *See*, exhibit "A" (Sheppard Affidavit dated June 6, 2018).

*Id.*, ¶ 13.

Regarding the exercise of diligence, Appellant asserted:

- 2 -

22. [Appellant] did not know, nor could he have, that Sheppard would eventually recant his coerced identification. Thus, the first prong of the newly discovered evidence inquiry is satisfied.

23. So too is the second prong – the due diligence requirement.

24. [Appellant] spent years conducting his own re-investigation of this case, which included looking for William Sheppard.

25. [Appellant] resided in South Philadelphia and never had any connection whatsoever with West Philadelphia, where the crime occurred.

26. [Appellant] sent family members to the neighborhood where the crime occurred and pestered fellow inmates for information about Sheppard.

27. Sheppard was eventually located when [Appellant's] family friend found out where Sheppard worked on Jun 1, 2018.

28. The next day, Sheppard swore out his Affidavit ….

29. Less than a month later, [Appellant] initiated the instant PCRA litigation.

*Id.*, ¶¶ 22-29.

Recantation may qualify as a newly-discovered fact for purposes of the timeliness exception. *See Commonwealth v. Medina*, 92 A.3d 1210, 1217-18 (Pa. Super. 2014) (*en banc*) (holding record established that defendant's second PCRA petition was not time-barred because the defendant could not have discovered source of witness recantation or recantation itself through due diligence). However, the recanting witness in *Medina* had unequivocally identified the defendant at trial as the perpetrator of the crime. *Id.* at 1217. Similarly, in *Commonwealth v. McCracken*, 659 A.2d 541 (Pa. 1995), our Supreme Court observed that the recanting witness consistently had

identified McCracken at trial and at the preliminary hearing. *Id.* at 549. In *McCracken* and *Medina*, the courts determined the witnesses' testimony did not give the defendants a reason to investigate the validity of the testimony. *See McCracken*, 659 A.2d at 549; *Medina*, 92 A.3d at 1217-18.

By contrast, in this case, Sheppard recanted **at trial** his initial police statement in which he had identified Appellant. Sheppard testified **at trial** that police had coerced his initial statement and he had told police whatever they wanted to hear. N.T., 10/17/94, at 80, 83. As the PCRA court recognized, "a defendant who fails to investigate an obvious, available source of information cannot later claim that evidence from that source constitutes newly discovered evidence." PCRA Court Opinion, 5/22/17, at 9 (citing *Commonwealth v. Padillas*, 997 A2d 356, 364 (Pa. Super. 2010)). For this reason, I would conclude Sheppard's affidavit offers no "newly discovered fact," and Appellant had not exercised the requisite diligence in seeking further recantations from Sheppard.

Even if Appellant met the newly discovered fact exception, Sheppard's affidavit is not "after-discovered evidence" warranting PCRA relief. Under Section 9543(a)(2)(vi), relief may be due where the petitioner demonstrates "the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

To obtain relief based upon exculpatory, after-discovered evidence, a party must demonstrate

> (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not used solely to impeach credibility; and (4) it would likely compel a different verdict.

**Commonwealth v. Fears**, 250 A.3d 1180, 1191 (Pa. 2021) (citation omitted). In determining whether after-discovered evidence is of such nature and character that it would compel a different verdict if a new trial were granted, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Padillas**, 997 A.2d at 365.

Initially, Sheppard's allegedly false identification, and the police coercion of his initial statement, were known to Appellant at trial. **See** N.T., 10/17/94, at 80, 83. Appellant knew Sheppard's trial testimony would have been false, as Appellant claimed an alibi on the day of the shooting.[2] Thus, at the time of trial, Appellant knew (a) police had coerced Sheppard's initial statement; (b) Sheppard had recanted portions of this statement at the time of trial; and

---

[2] In his first PCRA petition, Appellant asserted his trial counsel had rendered ineffective assistance by not presenting his mother as an alibi witness. **See Commonwealth v. Parks**, No. 736 EDA 2004 (Pa. Super. filed August 31, 2005) (unpublished memorandum at 8). Appellant claimed to be at his mother's home the entire day of January 1, 1994. **Id.** (unpublished memorandum at 10).

(c) Sheppard's testimony was false, as Appellant was at his mother's home at the time of Sheppard's identification.

Further, the absence of Sheppard's identification testimony would not have resulted in Appellant's acquittal. At trial, the Commonwealth presented two eyewitnesses' identifications of Appellant as one of the shooters. *See* N.T. 10/17/94, 97-100; 10/18/94, 54-55. Sheppard's claim that he lied about seeing Appellant 20 minutes prior to the shooting would not have changed the outcome. *See Commonwealth v. Bond*, 819 A.2d 33, 49-50 (Pa. 2002) (holding affidavit of alleged recantation witness provided no basis for PCRA relief on after-discovered evidence claim where statement merely asserted the witness had "no knowledge" of the crime and was not exculpatory). Thus, even if Appellant overcame the PCRA's timeliness requirement, his after-discovered evidence claim would not warrant relief. For these reasons, I would affirm the PCRA court's order.